IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TESS ANDRIATI,
   Plaintiff,

vs.              5:07cv51/RS/MD

JOSE BARON, et al
   Defendants.

---

**ORDER and**
**REPORT AND RECOMMENDATION**

  Plaintiff has filed a civil rights complaint (doc. 1) pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. (Doc. 8). Good cause having been shown, leave to so proceed should be granted.

  In her complaint, plaintiff names as defendants Warden Jose Barron of FCI Marianna, Camp Director Ms. Saad, and Counselor Ms. Aasee, both of whom are employed at FCI Marianna where plaintiff was incarcerated. She has since been released. Plaintiff's claim is centered around legal documents that her criminal defense attorney sent her during her incarceration. Plaintiff states that Ms. Aasee opened plaintiff's legal mail in her presence, but kept the contents without allowing plaintiff to examine the documents contained therein. Plaintiff asserts that she went to Ms. Saad within the hour, and was told that Ms. Saad did not have time to check into the matter. Plaintiff requested an attorney phone call from both Aasee and Saad, but her requests were denied. She then wrote to the Warden and the BOP. Thirty days after the denial of access, she was called to Ms. Saad's office and given her documents. She states that Ms. Saad "apologized over and over."

Plaintiff claims that because the documents were withheld, she was denied her due process rights and was unable to review her Presentence Report as well as 'other important legal documents." She claims a violation of her "due process rights to access the court" and her Fifth Amendment Due Process rights. As relief, plaintiff requests that her two criminal convictions and sentences be vacated.

Plaintiff's claim is not actionable under section 1983 since it is in the nature of habeas corpus. The Supreme Court stated in *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Regardless of the label plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement, or in this case the validity of a criminal conviction, is properly treated as a habeas corpus claim. *Prather v. Norman*, 901 F.2d 915, 918-19 n.4 (11th Cir. 1990) (per curiam); *McKinnis v. Mosley*, 693 F.2d 1054, 1057 (11th Cir. 1982).

Even if plaintiff were seeking damages rather than vacatur of her criminal convictions this case would be subject to dismissal. The Supreme Court stated in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 486-487, 114 S.Ct. at 2372. Such actions would include those in which the plaintiff seeks damages directly attributable to his conviction or confinement, plaintiff must negate an element of the offense of which he has been convicted in order to prevail, or plaintiff contends that the statute under which he was convicted is unconstitutional. *Id.; Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). Absent such an invalidation, the section 1983 suit must be dismissed. *Id*.; see also *Harden v. Pataki*, 320 F.3d 1289, 1295 (11th Cir. 2003); *Hughes*, 350 F.3d at 1160. The same

reasoning is applicable to plaintiff's challenge to her federal criminal convictions. Thus, this claim should be dismissed without prejudice to its refiling in the event plaintiff obtains an invalidation of her federal criminal conviction.

     Accordingly, it is ORDERED:

     Plaintiff's application to proceed in forma pauperis (doc. 8) is GRANTED.

     And it is respectfully RECOMMENDED:

     That this cause of action be dismissed without prejudice.

     At Pensacola, Florida, this 26th day of April, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).